```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SERVANDO FRANCISCO,                                         :
                                                            :
                              Plaintiff,                    :
                                                            :         21-CV-5165 (VSB)
                   -v-                                      :
                                                            :              ORDER
                                                            :
HAN-BAE CORP., et al.,                                      :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On April 22, 2022, the parties in this case advised me they had reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 30.) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the settlement of the parties is fair and reasonable and therefore approve it.

**I.     Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II. Discussion

Pursuant to my Order of April 25, 2022, (Doc. 31), the parties submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable, (Doc. 35). I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are and therefore approve the settlement agreement of the parties.

### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for the distribution to Plaintiff of $13,000, inclusive of attorneys' fees and expenses. (Settlement Agmt. § 2.)[1] Counsel

---

[1] "Settlement Agmt." refers to the parties' Settlement Agreement submitted for my approval on May 23, 2022. (Doc.

represents that Plaintiff initially claimed "he [was] entitled to back wages of approximately $151,944[.]94 and would be entitled to approximately $426,123.19 if he had recovered in full for [his] claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs." (Doc. 35, at 1.)  While the settlement amount is therefore only a fraction of the total amount Plaintiff claims is owed to him, the parties argue that this settlement is fair in light of the litigation and collection risks particular to this case.

Specifically, Plaintiff's claims were based solely on his recollection, while Defendants produced records that purportedly refuted Plaintiff's claims about the number of hours he worked and his compensation.  (*Id*. at 1, 3.)  Although Plaintiff alleges these records are erroneous, Plaintiff understands that substantively resolving these disputes would require significant discovery, motion practice, and potentially trial.  (*Id*.)  Plaintiff further understands that there is no guarantee he would recover the full amount he requests should he continue to litigate the case, and thus believes the agreement represents a fair compromise.  (*Id*.)  In the course of the parties' settlement negotiations, which appear to have been at arm's length, the parties discussed the variance between Plaintiff's requested amount and the settlement amount, disputes over the accuracy of Defendants' provided records, and the potential of protracted litigation.  (*Id*.)  In addition, the litigation risks and potential costs of continued litigation militate in favor of settlement of this case.  Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement.  Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount is fair and reasonable.

      **B.**    *Remaining Provisions*

I have reviewed the remainder of the terms in the settlement agreement, and they also appear to be fair and reasonable.  In particular, the release provision is not overbroad because it applies

---

35-1.)

only to the claims at issue in this action that occurred before execution of the agreement. (Settlement Agmt. § 3.) Additionally, the settlement agreement does not contain any non-disparagement provision that would restrict the parties' abilities to speak truthfully about the action or the settlement, nor does it contain any bar on Plaintiff's employment. I find the absence of these provisions fair and reasonable.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

Here, the release provision—"Release of All Fair Labor Standards Act and New York Labor Law Related Claims"—releases Defendants from any wage and hours claims up until the date of the agreement. (Settlement Agmt. § 3.) The provision is thus "limited to the claims at issue in this action." *Cionca*, 2016 WL 3440554, at *3. Given that this release is expressly limited to all claims asserted in the action, as well as claims that could have been asserted under FLSA and NYLL that predate the agreement, I find that the terms are reasonable.

### C. *Attorneys' Fees*

I next consider the attorneys' fees contemplated in the settlement agreement. The attorneys' fees sought are $4,653.33. (Doc. 35, at 4.) The attorneys' fees represent approximately one-third of the total $13,000 settlement amount. Plaintiff attaches to the settlement agreement the billing records associated with Plaintiff's counsel's work on this case. (Settlement Agmt. Ex. C.) Plaintiff's attorney billed a total of 8.18 hours on this matter at an hourly rate of $300, which amounts to a lodestar of $2,454. (*Id*.)

A district court in this Circuit may use its discretion to calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery." *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) (citations omitted); *see also Pinzon*, 2018 WL 2371737, at *3 ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp*., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481– 82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar").

Thus, under the percentage of the fund method, the agreement's award of attorneys' fees of about one-third of the gross settlement amount is reasonable. Alternatively, the attorneys' fees amount is less than two times the lodestar. Under either method of analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

### III. <u>Conclusion</u>

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. The settlement agreement of the parties is hereby APPROVED.

The Clerk of Court is directed to terminate any open motions and close this case.

SO ORDERED.

Dated:    July 27, 2022
         New York, New York

_____
Vernon S. Broderick
United States District Judge